# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DISTRICT

|  |  |  |
|---|---|---|
| **GARY SALONE**, on behalf of himself and others similarly situated, | : | |
| | : | |
| **Plaintiff**, | : | |
| | : | CASE NO. 2:21-cv-414 |
| v. | : | |
| | : | JUDGE |
| **CUSHMAN & WAKEFIELD U.S., INC.,** | : | |
| c/o CT Corporation System | : | MAGISTRATE JUDGE |
| 4400 Easton Commons Way, Suite 125 | : | |
| Columbus, OH 43219 | : | **JURY DEMAND ENDORSED HEREON** |
| | : | |
| and | : | |
| | : | |
| **CUSHMAN & WAKEFIELD, INC.,** | : | |
| c/o CT Corporation System | : | |
| 4400 Easton Commons Way, Suite 125 | : | |
| Columbus, OH 43219 | : | |
| | : | |
| and | : | |
| | : | |
| **JOHN DOE CORPORATIONS 1-10**; | : | |
| | : | |
| **Defendants**. | : | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Plaintiff Gary Salone ("Named Plaintiff" or "Salone"), individually and on behalf of others similarly situated, files his Complaint against Defendants Cushman & Wakefield U.S., Inc. ("Defendant C&W U.S."), Cushman & Wakefield, Inc. ("Defendant C&W"), and John Doe Corporations 1-10 (collectively "Defendants") for Defendants' failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.03 and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the

Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Ohio Acts claims are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Plaintiff's own conduct and are made on information and belief as to the acts of others. Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.  JURISDICTION AND VENUE

1.  This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2.  This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.  Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendants conduct substantial business in the Southern District of Ohio.

## II.  PARTIES

### A.  Plaintiff

4.  Named Plaintiff is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5.  Named Plaintiff was employed by Defendants beginning in 2016 until December 2018 as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts. Specifically, Named Plaintiff was employed as an hourly Maintenance Technician at Defendants' operations located in Columbus, Ohio.

6.      During relevant times, Named Plaintiff worked forty (40) or more hours in at least one workweek.

7.      During Named Plaintiff's employment with Defendants, Defendants required Named Plaintiff and other similarly situated employees to take an unpaid meal break, generally thirty (30) minutes in length. To deduct the 30-minute meal break from the maintenance employees' compensable hours worked, Defendants either (1) automatically deducted thirty (30) minutes from their daily hours worked for a meal break; (2) had maintenance employees clock in and out for a meal break; or (3) had maintenance employees submit their time worked into a computer, thereafter manually deducting the 30-minute meal break from their hours worked. Regardless of the manner in which the unpaid meal break was deducted, Named Plaintiff and other maintenance employees often were unable to actually take a full 30-minute meal break, or their meal break was interrupted by having to perform work duties. This work time resulted in Named Plaintiff and other similarly situated employees not being fully and properly paid for all of their hours worked in violation of the FLSA and Ohio Acts.

8.      Named Plaintiff brings this action on behalf of himself and those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**). Named Plaintiff also files a completed Consent to Join forms for Spencer Jones and Todd Bostwick ("Opt-In Plaintiffs"). **Exhibit B**.

**B.      Defendants**

9.      Each of the Defendants had control over Named Plaintiff, Opt-In Plaintiffs, and similarly situated employees' working conditions.

10.    At all relevant times, Defendants have shared or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff, Opt-In Plaintiffs, and similarly situated employees.

11.    At all relevant times, Defendants have had direct or indirect control over the terms and conditions of Named Plaintiff's work, Opt-In Plaintiffs' work, and the work of similarly situated employees.

12.    At all relevant times, Defendants possessed the authority to control the terms and conditions of employment for Named Plaintiff, Opt-In Plaintiffs, and similarly situated employees and have exercised that authority.

<u>Defendant Entities</u>

13.    The Defendant Entities, including Cushman & Wakefield U.S., Inc. and Cushman & Wakefield, Inc., are foreign corporations that operate and conduct substantial business activities throughout Ohio, including the Southern District of Ohio, and throughout the United States. Defendant Entities provide facility maintenance, cleaning, and related services for businesses and organizations throughout the Unites States.

14.    Upon information and belief, although Defendant Entities have registered numerous other "entities," all Defendant Entities, including the John Doe Corporations 1-10, maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

15.    The Defendant Entities have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. The Defendant Entities form a "single employer," as they are part of a single integrate enterprise and/or they are joint employers because they jointly operate

maintenance and cleaning services and maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

16.     Because the work performed by Named Plaintiff and all other hourly maintenance employees benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff, Opt-In Plaintiffs, and other similarly situated maintenance employees under the FLSA's broad definition of "employer."

17.     Each of the Defendant Entities has substantial control over Named Plaintiff, Opt-In Plaintiffs, and similarly situated maintenance employees' working conditions and over the unlawful policies and practices alleged herein.

18.     Each of the Defendant Entities directly or indirectly controls the terms and conditions of Named Plaintiff's work, Opt-In Plaintiffs' work, and the work of similarly situated maintenance employees.

19.     Each of the Defendant Entities maintained control, oversight, and direction over Named Plaintiff, Opt-In Plaintiffs, and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

20.     Upon information and belief, Defendant Entities apply or cause to be applied substantially the same employment policies, practices, and procedures to all maintenance employees at all of their locations and under all of their entities, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, timekeeping, and meal deductions.

21.     Each of the Defendant Entities is an "employer" of Named Plaintiff, Opt-In Plaintiffs, and similarly situated employees as that term is defined by the FLSA.

22.     Each of the Defendant Entities has gross revenue that exceeds $500,000.00 per year.

23.     Collectively, the Defendant Entities have gross revenue that exceeds $500,000.00 per year.

24.     At all times relevant hereto, Defendant Entities were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

<u>Doe Corporations 1-10</u>

25.     Upon information and belief, Defendants own, operate, and control other entities and/or limited liability companies that also comprise part of Defendants' maintenance and cleaning services operations, and they qualify as "employers" of Named Plaintiff, Opt-In Plaintiffs, and similarly situated maintenance employees of Defendants as that term is defined by the FLSA and Ohio wage law.

26.     The identities and involvement of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**III.    FACTS**

27.     During all times relevant, Named Plaintiff, Opt-In Plaintiffs, and Defendants' other similarly situated employees are hourly, non-exempt maintenance employees who are entitled to overtime.

28.     Defendants have a companywide policy that maintenance employees take an unpaid, approximately 30-minute meal break. To apply this unpaid meal break, Defendants either (1) automatically deduct thirty (30) minutes from the maintenance employees' daily hours worked, (2) require maintenance employees to clock in and out for a meal break, or (3) require maintenance

employees to submit their time worked into a computer, thereafter manually deducting the 30-minute meal break from their hours worked. Defendants apply this meal break deduction from their hourly, non-exempt maintenance employees' daily hours worked even when meal breaks were not taken at all, were only partially taken, or were interrupted by job duties.

29.     Regardless of how the unpaid meal break was applied, Named Plaintiff, Opt-In Plaintiffs, and those similarly situated were oftentimes unable to take a meal break or were otherwise not able to take a full, uninterrupted 30-minute meal break due to Defendants requiring them to continue work duties.

30.     For example, Named Plaintiff, Opt-In Plaintiffs, and other similarly situated employees were required to prioritize repairing machinery and equipment over taking their meal breaks. Consequently, Named Plaintiff, Opt-In Plaintiffs, and other similarly situated employees often were unable to take any meal break or their meal break was otherwise interrupted to repair machinery and equipment. The inability to take any meal break occurred more frequently during the busy season.

31.     Whether Defendants applied an automatic meal deduction, had maintenance employees clock in and out for meal breaks, or had maintenance employees manually report their hours worked with meal break deductions, Defendants did not have a process and/or procedure for maintenance employees to report their missed meal breaks for Defendants to override the applied meal deduction.

32.     As a result of Defendants' companywide policy and/or practice to apply a 30-minute meal deduction from their hourly, non-exempt maintenance employees' compensable hours worked for meal breaks that were not taken at all or that were interrupted by work duties,

Defendants knew or had reason to know they were not compensating Named Plaintiff, Opt-In Plaintiffs, and other similarly situated employees for all hours worked.

33. Named Plaintiff, Opt-In Plaintiffs, and other similarly situated employees regularly worked more than forty (40) hours per week, or they would have worked more than forty (40) hours per week if their hours were not reduced by the applied meal deduction, but they were not paid one-and-one-half times their regular rate of pay for all of hours worked over forty (40) as a result of Defendants' deduction of thirty (30) minutes for meal breaks that were not taken or that were interrupted.

34. Defendants' failure to compensate Named Plaintiff, Opt-In Plaintiffs, and other similarly situated employees, as set forth above, resulted in unpaid overtime.

35. At all times relevant herein, Named Plaintiff, Opt-In Plaintiffs, and other similarly situated employees were employees as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 § 34a.

36. Defendants are and have been an "employer" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 § 34a.

37. During relevant times, Defendants suffered or permitted Named Plaintiff, Opt-In Plaintiffs, and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times their regular rates of pay as a result of Defendants' company-wide policies and/or practices described above that affected Named Plaintiff, Opt-In Plaintiffs, and all other similarly situated employees.

38.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

39.     During relevant times, Defendants had knowledge of and acted willfully regarding their conduct described herein.

40.     Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or they otherwise failed to keep such records.

## IV.     **FLSA COLLECTIVE ALLEGATIONS**

41.     Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative collective action on behalf of himself, Opt-In Plaintiffs, and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:

> All current and former hourly, non-exempt maintenance employees of any Cushman & Wakefield entity who worked at least 40 hours in any workweek and had a 30-minute meal deduction applied to their compensable hours worked during the three years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").

42.     Named Plaintiff, Opt-In Plaintiffs, and putative FLSA Collective Members were all subject to the same policies or practices described above, which resulted in unpaid overtime.

43.     During some or all of the last three (3) years, Defendants did not compensate Named Plaintiff, Opt-In Plaintiffs, and the putative FLSA Collective Members for time spent performing substantial duties for Defendants' benefit.

## V.      **RULE 23 ALLEGATIONS**

44.     Named Plaintiff brings his Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as

a class action on behalf of himself and all other members of the following class:

> All Ohio current and former hourly, non-exempt maintenance
> employees of any Cushman & Wakefield entity who worked at least
> 40 hours in any workweek and had a 30-minute meal deduction
> applied to their compensable hours worked during the two years
> preceding the filing of this Complaint and continuing through the
> final disposition of this case ("Ohio Rule 23 Class" or "Ohio Rule
> 23 Class Members").

45.     The Ohio Rule 23 Class includes all current or former hourly, non-exempt

maintenance employees employed by Defendants throughout the State of Ohio as defined above.

46.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all

members is impracticable.

47.     Named Plaintiff is a member of the Ohio Rule 23 Class, and his claim for unpaid

wages is typical of the claims of other members of the Ohio Rule 23 Class.

48.     Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and

the interests of all members of the Ohio Rule 23 Class.

49.     Named Plaintiff has no interests that are antagonistic to or in conflict with those

interests of the Rule 23 Class that he has undertaken to represent.

50.     Named Plaintiff has retained competent and experienced class action counsel who

can ably represent the interests of the entire Ohio Rule 23 Class.

51.     Questions of law and fact are common to the Ohio Rule 23 Class.

52.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual

actions would create the risk of inconsistent or varying adjudications that would establish

incompatible standards of conduct for Defendants with respect to their non-exempt employees.

53.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2), as Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

54.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3), as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

55.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty hours per week because of the meal break deductions; (b) whether Defendants kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Acts; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class members for overtime or other compensation that was withheld or not paid to them.

56.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Notably, a related case filed against a related Cushman &

Wakefield entity, C&W Facility Services Inc. is pending before this Court.[1] Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

57.    All of the preceding paragraphs are realleged as if fully rewritten herein.

58.    This claim is brought as part of a collective action by Named Plaintiff on behalf of himself, Opt-In Plaintiffs, and the FLSA Collective.

59.    The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

60.    During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective Members.

61.    Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

62.    Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective Members regularly worked forty (40) or more hours in given workweeks.

63.    Defendants violated the FLSA with respect to Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective Members by, *inter alia*, failing to pay overtime for all hours worked over

---

[1] Knecht v. C&W Facility Services Inc., S.D. OH Case No. 2:20-cv-3899.

forty (40) hours in a workweek because of Defendants' companywide policy of requiring a meal break deduction from their hourly, non-exempt maintenance employees' daily hours worked for meal breaks that were not taken at all or meal breaks that were interrupted by work duties.

64. Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

65. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective Members are entitled.

66. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

67. As a direct and proximate result of Defendants' conduct, Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself, Opt-In Plaintiffs, and the FLSA Collective Members.

## SECOND CAUSE OF ACTION:
### R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

68. All of the preceding paragraphs are realleged as if fully rewritten herein.

69. This claim is brought under Ohio Law.

70.     Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under Ohio Law.

71.     The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

72.     Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not paid overtime wages for all of such time spent working.

73.     Defendants' companywide policy or practice of applying a 30-minute meal break deduction from their hourly, non-exempt maintenance employees' daily hours worked for meal breaks that were not taken or meal breaks that were interrupted by work duties impermissibly reduced Named Plaintiff's and the Rule 23 Class Members' compensable hours worked and resulted in unpaid overtime.

74.     Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of the Ohio Wage Act.

75.     Defendants' repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class members were violations of R.C. § 4111.03, and, as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

76.     For Defendants' violations of R.C. § 4111.03, by which Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks

unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Rule 23 Class Members.

## THIRD CAUSE OF ACTION:
## R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

77.     All of the preceding paragraphs are realleged as if fully rewritten herein.

78.     Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendants.

79.     During all relevant times, Defendants were entities covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

80.     The OPPA requires Defendants to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with O.R.C. § 4113.15(A).

81.     During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times their regular rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

82.     Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

83.     In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION:
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

84.     All of the preceding paragraphs are realleged as if fully rewritten herein.

85.     The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08; 29 C.F.R. §§ 516.2 *et seq*.

86.     During times material to this complaint, Defendants were covered employers and required to comply with the Ohio Wage Act's mandates.

87.     Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

88.     During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

89.     In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VII.    <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Named Plaintiff requests judgment against Defendants for an Order:

A.     Certifying the proposed FLSA collective action;

B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.     Certifying the proposed Rule 23 Class under the Ohio Acts;

D.     Finding Defendants failed to keep accurate records, and, as such, Named Plaintiff, Opt-In Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G. Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period;

H. Awarding Named Plaintiff, Opt-In Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

I. Awarding Named Plaintiff, Opt-In Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

J. Issuing an injunction prohibiting Defendants from engaging in present, ongoing, and future violations of the FLSA and the Ohio Wage Act;

K. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

L. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever;

M.      An Order directing Defendants to pay reasonable attorneys' fees and all costs connected with this action; and

N.      Such other and further relief as to this Court may deem necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
       agedling@mcoffmanlegal.com
       khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman